1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| ARDY D. CHADWICK,<br>CDCR #T-13047,<br><br>                                   Plaintiff,<br><br><br>           vs.<br><br><br>SAN DIEGO POLICE DEP'T,<br><br><br>                                   Defendant. | Civil No.    08-0585 WQH (AJB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[Doc. No. 3]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

20

## I.

21

### PROCEDURAL BACKGROUND

22      Ardy D. Chadwick ("Plaintiff"), a prisoner currently incarcerated at the California's Men

23   Colony in San Luis Obispo, California, and proceeding pro se, filed this civil rights action

24   pursuant to 42 U.S.C. § 1983 on March 26, 2008.  In his Complaint, Plaintiff alleges that San

25   Diego Police Officer Hall and another unidentified San Diego police officer unlawfully arrested

26   and beat him during a drug-related incident on an unspecified date at 15th and Island Streets in

27   San Diego.  (*See* Compl. at 1-3.)  Plaintiff demands a jury trial and seeks $3.15 million in

28   damages.  (*Id.* at 1, 3.)

1   At the time of filing, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C.

2   § 1914(a) to commence a civil action; nor did he file a Motion to Proceed *In Forma Pauperis*

3   ("IFP") pursuant to 28 U.S.C. § 1915(a).  Therefore, on April 3, 2008, the Court dismissed the

4   case, but granted Plaintiff an opportunity to proceed by either paying the full filing fee or filing

5   a Motion to Proceed IFP within 45 days [Doc. No. 2].  In response, on April 30, 2008, Plaintiff

6   filed a Motion to Proceed IFP [Doc. No. 3], to which the Court now turns.

7                                              **II.**

8                             **MOTION TO PROCEED IFP**

9   Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

10  litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).

11  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

12  privilege to proceed IFP:

13          . . . if the prisoner has, on 3 or more prior occasions, while
            incarcerated or detained in any facility, brought an action or appeal
14          in a court of the United States that was dismissed on the grounds
            that it is frivolous, malicious, or fails to state a claim upon which
15          relief can be granted, unless the prisoner is under imminent danger
            of serious physical injury.
16

17  28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

18  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to

19  § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.; see also Andrews v.*

20  *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

21  "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

22  status under the three strikes rule[.]").  The objective of the PLRA is to further "the

23  congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

24  128 F.3d 1310, 1312 (9th Cir. 1997).

25  "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which

26  were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim."

27  *Andrews*, 398 F.3d at 1116 n.1.  Thus, once a prisoner has accumulated three strikes, he is

28  prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is

under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

/ / /

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

### III.

### APPLICATION OF 28 U.S.C. § 1915(g)

The Court notes as an initial matter that it has carefully reviewed Plaintiff's Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed in the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.[2]  *See Chadwick v. San Diego Police Dep't,*  S.D. Cal. Civil Case No. 01-1343 W (JAH) (Oct. 3, 2001 Order Dismissing action without prejudice for failing to pay filing fees and/or Move to Proceed IFP and sua sponte Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b) [Doc. No. 2]) (strike one); *Chadwick v. State of California*, S.D. Cal. Civil Case No.

---

[2]  Indeed, Plaintiff has  been denied leave to proceed IFP as a result of his "three strikes" status pursuant to 28 U.S.C. § 1915(g) in at least six cases filed within the Southern District of California over the last two years alone.  *See e.g.,  Chadwick v. San Diego Police Dept*., S.D. Cal. Civil Case No. 06-1980 L (WMc) (Nov. 20, 2006 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [Doc. No. 3]); *Chadwick v. Reichert*, S.D. Cal. Civil Case No. 06-2075 JM (AJB) (Nov. 28, 2006 Order Denying Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 3]); *Chadwick v. San Diego Police Dep't*, S.D. Cal. Civil Case No. 06-2740 IEG (JMA) (Jan. 3, 2007 Order Denying Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 9]); *Chadwick v. San Diego Police Dep't*, S.D. Cal. Civil Case No. 07-2005 DMS (AJB) (Oct. 24, 2007 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [Doc. No. 3]); *Chadwick v. San Diego Police Dep't*, S.D. Cal. Civil Case No. 08-0423 L (RBB) (March 18, 2008 Order Denying Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 5]), and *Chadwick v. San Diego Police Dep't*, S. D. Cal. Civil Case No. 08-0483 JM (PCL) (April 9, 2008 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Case [Doc. No. 5]).

1    01-1512 JM (JAH) (Nov. 13, 2001 Order Dismissing action without prejudice for failing to pay

2    filing fees and/or Move to Proceed IFP and sua sponte Dismissing Complaint as frivolous

3    pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 2]) (strike two); *Chadwick v. California Dep't*

4    *of Corrections*, S.D. Cal. Civil Case No. 04-2327 IEG (POR) (Feb. 14, 2005 Order Granting IFP

5    and sua sponte Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C.

6    §§ 1915(e)(2)(b)(ii) & 1915A(b) [Doc. No. 3]) (strike three), and *Chadwick v. Reichert,* S. D.

7    Cal. Civil Case No. 06-2075 JM (AJB) (Nov. 28, 2006 Order denying IFP pursuant to 28 U.S.C.

8    § 1915(g) and sua sponte dismissing complaint for failing to state a claim pursuant to 28 U.S.C.

9    § 1915A(b) [Doc. No. 3] (strike four).

10            Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"

11   pursuant to § 1915(g), and he fails to make a "plausible allegation" that he is under imminent

12   danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this

13   action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C.

14   § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners

15   with a history of abusing the legal system from continuing to abuse it while enjoying IFP

16   status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission

17   to proceed IFP is itself a matter of privilege and not right.").

18                                                    **IV.**

19                                    **CONCLUSION AND ORDER**

20            For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed

21   IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 3] and **DISMISSES** the case without prejudice

22   for failure to prepay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

23            **IT IS SO ORDERED.**

24
     DATED: May 5, 2008
25
                                             *William Q. Hayes*
26                                   **WILLIAM Q. HAYES**
                                     United States District Judge
27

28